```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                NORTHEASTERN DIVISION
```

                                FILED
                                99 NOV 24 PM 1:10
                                U.S. DISTRICT COURT
                                N.D. OF ALABAMA

CINDY L. BUCKNER,            )
                             )
     Plaintiff,              )
                             )
vs.                          ) Civil Action No. CV-99-S-0442-NE
                             )
H.T. HACKNEY CO.,            )              ENTERED
                             )
     Defendant.              )              NOV 24 1999

## MEMORANDUM OPINION

This action is before the court on defendant's motion to bifurcate the trial of this case into separate stages before the same jury on the issues of, first, liability and then, "if necessary," damages. Defendant argues that, in the interests of judicial economy and to avoid unnecessary prejudice, the court should so bifurcate this action pursuant to Fed. R. Civ. P. 42(b). Defendant's argument with regard to judicial economy centers on its projection that "a considerable amount of trial time could be consumed by the presentation of testimony regarding [plaintiff's] alleged damages...." (Defendant's brief at 7.) Defendant submits that this testimony has "no bearing on the actual issue which first needs to be decided by the jury, i.e., whether or not Defendant violated the law." (Id.) Defendant also contends that it will be prejudiced "[i]f the jury is allowed to hear proof on damages when determining liability, [as] it may improperly use these facts

against Defendant ...." (*Id.*) Upon consideration of the pleadings, motions, and authorities cited by the movant, the court determines that it would not be aided by oral argument. Accordingly, this case shall be removed from the motion docket scheduled for December 2, 1999.

The decision to bifurcate a trial is committed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1577-1578 n.2 (11th Cir. 1987). Rule 42(b) provides, in pertinent part, that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim...." Fed. R. Civ. P. 42(b). In this circuit, courts are cautioned, however, that bifurcation is not the "usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324-1325 (5th Cir. 1976) (citation omitted).[1]

Before ordering bifurcation, the district court must determine that "'the issue to be tried [is] ... so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Id.* In making such a determination, this court

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

considers a number of factors: "whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration[;] whether separate trials will avoid prejudice[;] and whether the issues sought to be tried separately are significantly different." *Brown v. Advantage Engineering, Inc.*, 732 F. Supp. 1163, 1170 (N.D. Ga. 1990).

After a consideration of the aforementioned factors, the court determines that defendant's motion is due to be denied. The present lawsuit seeks redress for alleged gender discrimination, and includes claims of disparate treatment and hostile work environment, both of which, if proven, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Although defendant argues that this case "is somewhat complicated from a factual standpoint [because] [t]here will be testimony from a variety of witnesses in this case[,]" (defendant's brief at 2), the court fails to see how this conclusory statement justifies bifurcation under Rule 42(b). Similarly, defendant also contends that "[p]laintiff has not mitigated her damages, ... some of the damages claimed by plaintiff are time barred, and ... she has not suffered any emotional distress." (Defendant's brief at 2.) However, such arguments

3

frequently are made by employers in employment discrimination cases and, likewise, do not persuade this court that the pending claims are sufficiently complex to merit bifurcation.

Moreover, whether plaintiff suffered emotional distress is relevant not only to the damages she may recover, but also to the merits of her hostile work environment claim. The Eleventh Circuit recently summarized the elements a plaintiff must allege to state a claim for gender discrimination based on a sexually hostile work environment:

> (1) the employee must belong to a protected group; (2) the employee must have been subject to unwelcome sexual harassment; (3) the harassment must have been based on sex; (4) <u>the harassment must have been sufficiently severe or pervasive to alter the conditions of employment</u>; and (5) there must be a basis for holding the employer liable for the harassment either directly or indirectly.

*Mendoza v. Borden, Inc.*, 158 F.3d 1171, 1175 (11th Cir. 1998) (emphasis supplied). A plaintiff must show not only that she <u>subjectively perceived</u> her work environment to be hostile, but also that the conduct creating this environment was sufficiently severe or pervasive to make her perception objectively reasonable:

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, <u>if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the</u>

4

<u>conditions of the victim's employment, and there is no Title VII violation</u>.

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (emphasis supplied). Accordingly, the issues of liability and damages are so interwoven that they cannot be submitted to the jury independently, unless some witnesses testified in both phases of the trial, which would result in a waste of judicial resources.

Additionally, defendant has not shown that the anticipated testimony regarding plaintiff's damages is so emotionally charged as to impair the jury's ability to impartially determine its liability. Nor has defendant shown that the liability issue is so tenuous that it is unlikely the parties will reach the issue of damages. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 24th day of November, 1999.

United States District Judge